UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10363-RGS

T-MOBILE NORTHEAST LLC

v.

THE TOWN OF ABINGTON, THE TOWN OF ABINGTON
ZONING BOARD OF APPEALS, and the designated members of the TOWN OF
ABINGTON ZONING BOARD OF APPEALS

MEMORANDUM AND ORDER ON MOTION
OF ABINGTON ReACT TO INTERVENE

May 16, 2011

STEARNS, D.J.

In this motion, Abington ReAct, an unincorporated group of residents of the Town of Abington who believe that they are potential abutters or neighbors of a yet-to-be-approved T-Mobile cellular telephone tower, seek to intervene as a matter of right in T-Mobile's appeal of a decision of the Town of Abington Zoning Board of Appeals (Town) denying its application to site the tower on Hancock Street in Abington. A would-be intervenor under Fed. R. Civ. P. 24(a) must satisfy a four-pronged test focusing on whether it has: (i) made a timely motion; (ii) demonstrated an interest relating to the property or transaction that forms the basis of the ongoing suit; (iii) shown that resolution of the suit in its absence threatens to prejudice its interests; and (iv) negated the likelihood that none of the existing parties can be expected adequately

to protect its interests. *Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). *See also B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541, 544-545 (1st Cir. 2006). A failure to satisfy any one of the four prongs is fatal to the motion to intervene. *Id.* at 545. Both T-Mobile and the Town oppose the motion.

It is doubtful that Abington ReAct has met any of the four requisite prongs other than the first. It certainly has not met the second. As the Town points out, T-Mobile is not seeking to locate a tower on the property in which the members of Abington ReAct claim an interest. It is seeking to reverse the decision of the Town to deny it a permit to build on its preferred Hanover Street site. Moreover, to the extent that Abington ReAct seeks to force the Town to acquiesce in the siting of the tower on Hanover Street (rather than at the location in which its members claim an interest), its desires are identical with those of T-Mobile, which is fully capable of advocating that goal. The motion to intervene is therefore <u>DENIED</u>.

                              SO ORDERED.

                              /s/ Richard G. Stearns
                              _____
                              UNITED STATES DISTRICT JUDGE